2001 ND 158

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Gary S. GRONNEBERG, a Person Admitted to the Bar of the State of North Dakota.

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,**

v.

**Gary S. Gronneberg, Respondent.**

No. 20010184.

Supreme Court of North Dakota.

Sept. 26, 2001.

SUSPENSION ORDERED.

PER CURIAM.

[¶ 1]   On July 20, 2001, a Hearing Body of the Disciplinary Board submitted its Report to the Supreme Court recommending that Gary S. Gronneberg be suspended from the practice of law for a period of one year, following any application by him for licensure of an inactive attorney under Rule 7, Admission to Practice Rules, and that he pay the costs and expenses of the disciplinary proceedings in the amount of $935.00 and the cost of the transcript of the proceeding on June 13, 2001.   The Supreme Court considered the matter under N.D.R. Lawyer Discipl. 3.1(G).

[¶ 2]   Gary S. Gronneberg was admitted to practice law in North Dakota on September 22, 1976.   On December 31, 1994, Gronneberg was suspended from practice for failure to satisfy the educational requirements of the North Dakota Rules for Continuing Legal Education.   Gronneberg has been suspended from the practice of law in North Dakota since that time.

[¶ 3]   In March, 1994, Gronneberg, on behalf of Red River Collections, filed a foreign judgment it had obtained against Kathy Obregon with the District Court, South Central Judicial District, Burleigh County, North Dakota (District Court).

[¶ 4]   On March 21, 2000, Steven Balaban, a licensed North Dakota attorney, on behalf of Obregon, filed a letter and certified documents from the United States Bankruptcy Court from the District of Minnesota with the District Court.   Balaban requested the foreign judgment filed by Gronneberg be voided.

[¶ 5]   On March 24, 2000, Gronneberg filed a letter and accompanying documents

with the District Court. In the letter he requested that "our objection to a change in the current status of the above referenced judgment" be noted. He asked that "[i]f the District Judge assigned to this case needs any further information, please advise." One of the accompanying documents was a copy of a letter dated March 24, 2000, to Balaban signed by Gronneberg, as Staff Counsel, Red River Collections, Inc.

[¶ 6] On March 30, 2000, Gronneberg filed a letter and accompanying document with the District Court. In the letter, he stated he had completed research and analysis of the issues, and reiterated Red River Collections, Inc. continued to object to the discharge or satisfaction of the judgment. Gronneberg stated he was enclosing a copy of the analysis of the Chapter 7 bankruptcy discharge issue. The accompanying document was entitled Student Loan Dischargeability After Bankruptcy Discharge. It consisted of three pages and contained argument and case citations in support of the contention that the judgment was not discharged.

[¶ 7] On July 19, 2000, Gronneberg was personally served the Summons and Petition for Discipline, which alleged the above actions violated N.D.R. Prof. Conduct 5.5, which provides that a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession, as Gronneberg was suspended from the practice law from December 31, 1994, through the dates of the above actions. The Petition also alleged a violation of N.D.R. Prof. Conduct 8.4 through Gronneberg's violation of § 27–13–01(1), N.D.C.C., maintaining respect for the court.

[¶ 8] Gronneberg's Answer to the Petition for Discipline was filed July 13, 2001. Gronneberg's Answer, in part, states:

"3. I was a concerned party in this matter due to the availability of an attorney's lien pursuant to N.D.C.C. 35–20–08. Since this is a lien personal only to me, I believe a personal response by me to the application filed by Attorney Balaban was warranted, in good faith, and appropriate to protect any interest I may personally have in this matter."

"4. Since I believe there was no basis in fact or law to support the Application to void the judgment, I did not see the need for Red River Collections, Inc., to hire legal counsel to reply to the Application. I considered the Application as an attempt to harass the judgment creditor and needlessly increase the cost of litigation...."

"6. My actions were based upon my opinion that the application by Attorney Balaban was an improper use of the North Dakota statutes and the applicable bankruptcy law. I also acted due to the ex parte nature of the application and the potential urgency of a reply to an improper application."

"7. The purpose of the Rules of Professional Conduct are to protect the public from improper legal information and advice. I did not attempt to give improper information or advice to either Attorney Balaban or the District Court. I believe a review of the information I provided to Attorney Balaban and the District Court will determine the information was fair and accurate."

[¶ 9] A hearing before a three-member panel of the Disciplinary Board was set and the Notice of Hearing was mailed to Gronneberg on April 6, 2001. Gronneberg made no appearance at the hearing. The Hearing Panel heard no witnesses, but received exhibits offered by Disciplinary Counsel, and heard the argument of Disciplinary Counsel.

[¶ 10] Gronneberg was informed on July 20, 2001, in writing, by certified mail return receipt requested, the Report of the Hearing Panel had been filed in the Supreme Court. Gronneberg was advised under N.D.R. Lawyer Discipl. 3.1(G) objections must be filed within 20 days of service of the Report and that if timely objections were filed, briefs limited to those objections would be due 50 days after service of the Report.

[¶ 11] Gronneberg did not timely file objections to the Report of the Hearing Panel and the matter was referred to the Supreme Court.

[¶ 12] Gronneberg's actions violate N.D.R. Prof. Conduct 5.5 which provides that a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession, as Gronneberg was suspended from the practice of law under N.D.R. Continuing Legal Ed. 4 from December 31, 1994, and continued to be suspended at the time he wrote the letter as "Staff Counsel" clearly implying he was acting as legal counsel for Red River Collections, Inc. In addition, Gronneberg's actions in this matter violate N.D.R. Prof. Conduct 8.4 through violation of § 27–13–01(1), N.D.C.C., maintaining respect for the court.

[¶ 13] Under N.D. Stds. Imposing Lawyer Sanctions 7.2 suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public, or the legal system.

[¶ 14] Neither mitigating nor aggravating factors under N.D. Stds. Imposing Lawyer Sanctions 9.0 was presented

[¶ 15] ORDERED, the Report of the Hearing Panel is approved.

[¶ 16] FURTHER ORDERED, Gronneberg is suspended from the practice of law for one year following any application by him for licensure of an inactive attorney under Admission to Practice R. 7.

[¶ 17] FURTHER ORDERED, Gronneberg pay the costs and expenses of the disciplinary proceedings in the amount of $935.00, plus the cost of preparation of the transcript of the hearing dated June 13, 2001, as certified by Disciplinary Counsel, payable to the Secretary of the Disciplinary Board.

[¶ 18] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN and DALE V. SANDSTROM, JJ., concur.